O’Neall, J.
In the case of Reigne, assignee of Metivier vs. the Executors of Desportes, who was the Executor of Doyen, decided at this place in March, 1832,* it was ruled that a debt barred by the statute of limitations, was merely the consideration of the promise to pay it, made after the bar of the statute, and that such new promise was tlie cause of action. The question whether the old debt could be considered as revived, and set up by the new promise, was in that case fully discussed, and it was conclusively shown that it could not.
In it, the distinction was taken between a case in which the new promise was made by one, and to the other of the parties to the contract — and that, in which the promise was by or to other parties. In the first case, it is not necessary *117 that the declaration should count specifically upon the new promise, for it corresponds with the allegata, of the usual counts, and could, therefore, be given in evidence under them. But when the promise is made by, or to a party not to the contract, it is necessary that it should be declared upon.
In this case, the note was payable to Waterman or bearer, and the new promise made after the note was barred by the statute, was to the Winyaw Indigo Society, to whom Waterman had transferred it. According to the principles of the case which I have cited, to entitle the plaintiffs to recover, it was not necessary to declare upon the new promise. Still, however, the plaintiffs cannot recover on the proof, for, although they are not required to declare on the new promise, yet they are required to show a cause of action when the writ bears date * This could not be done by the proof of a promise made subsequently — such proof, in strictness^ was inadmissible, but when not objected to, and r^^jsSfFWjjn. this case, it would only show, that at t^.:3^iptn^uSel¿#.t of the plaintiffs’ action, no cause of the FÍctioí-' existed. f To permit a recovery on such proof, woiildJbe\&í>out as,vrea%Mjble as to permit a recovery on a note-n% d,ue,; wtíefr '¿he miaintifts’ action was commenced.
The motion for a new trial is granted.

 See case following this.

 A plaintiff may give in evidence, a promise after action brought; 2 Burr., 1099; 2 B. & C., 826, S. C.